SEVEN STAR GRANGE No. 73, PATRONS OF HUSBANDRY, in Equity,

*vs.*

MELVIN R. FERGUSON.

Waldo.    Opinion November 30, 1903.

*Corporations.    Officers,* treasurer estopped to deny its existence.    *Grange.*
*R. S. (1871), c. 55.    Stat. 1876, c. 71.*

1.  One who deals with a corporation as existing in fact is estopped to deny as against the corporation that it has been legally organized.

2.  One who accepts and exercises the office of treasurer of an association assuming to be a legal corporation, is estopped to deny the capacity of the association to sue him as a corporation for the recovery of property intrusted to him as such treasurer.

3.  The fact that an association or corporation has voted to apply its property to the payment of its debts, does not authorize its outgoing treasurer to retain its property for that purpose.

On report.    Bill sustained.

The case is stated in the opinion.

*R. F. Dunton,* for plaintiff.

*W. P. Thompson,* for defendant.

SITTING:  WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J.  A number of men, exceeding seven, became associated together at Troy in Waldo County into a Society named "Seven Star Grange No. 73 Patrons of Husbandry."  These persons were expressly authorized by chap. 55 of the R. S. (1871), as amended by laws of 1876, chap. 71, to organize themselves into a corporation in the mode therein provided.  Some steps were taken by members of the society prior to 1877 to incorporate under that statute, with the same name.  Whatever the validity of these steps, the society there-

after held meetings, elected successive treasurers and other officers, passed votes, raised funds and otherwise assumed to be a corporation. Some of these funds were deposited in the Pittsfield National Bank in the name and to the credit of the "Seven Star Grange No 73 Patrons of Husbandry;" and a bank book therefor issued by the bank to the treasurer of the Grange.

The defendant was at one time prior to 1902 elected treasurer of the Grange, and accepted the office, and as such treasurer received and had the custody of the book containing the previous treasurer's accounts and also the bank book above named. In the spring of 1902 another person was chosen treasurer of the Grange, and demanded · of the defendant the account book and the bank book, which demand was refused. The Grange thereupon brought this bill in equity to compel the surrender of these books.

In the bill the plaintiff is described as "Seven Star Grange No. 73 Patrons of Husbandry duly incorporated and located at Troy in the County of Waldo." The defendant in his answer denies that the Grange is or ever was duly or otherwise incorporated.

We do not think it necessary to decide the question of the strict legality of steps undertaken for incorporation. Whether duly incorporated or not, the Grange has maintained an existence and organization in fact which the defendant recognized as sufficient when he accepted office under it and took charge of its property as its treasurer. When he is only asked to return that property to the Grange or its new treasurer, he cannot be heard to assert that the Grange had no existence or organization sufficient to make him treasurer or to hold the property intrusted to him as such. He must at least restore the status quo. *Beal* v. *Bass*, 86 Maine, 325. "One who deals with a corporation as existing in fact is estopped to deny as against the corporation that it has been legally organized." *Close* v. *Glenwood Cemetery*, 107 U. S. 466, 478.

The defendant further claims that the money in the bank should be paid to certain creditors of the Grange, and introduced evidence of certain votes of the Grange to the effect that its surplus funds should be paid to certain creditors. There is no evidence, however, that he was ever directed to make such payments, and he is no

longer treasurer of the Grange and cannot draw the fund out of the bank. None of the creditors appears to have obtained any lien on the funds, much less any lien or claim on the bank book itself and the account book; and these two items, the books, are all he is asked to return to the Grange. No reason is shown why he should not do so.

*Bill sustained with costs.*

*Decree to be made according to this opinion.*